Filed 10/29/20  P. v. Thao CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PAO THAO,<br><br>Defendant and Appellant. | C089609<br><br>(Super. Ct. No. CRF-1998-5317) |

Defendant Pao Thao was convicted of first degree murder and kidnapping in 1999. In 2019 he filed a petition seeking resentencing under Penal Code section 1170.95,[1] which was enacted as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 4) and took effect January 1, 2019.  The trial court denied defendant's petition on the basis that Senate Bill No. 1437 unconstitutionally amends two initiative measures:

---

[1] Undesignated statutory references are to the Penal Code.

1

Proposition 7 (Ballot Pamp., Gen. Elec. (Nov. 7, 1978) text of Prop. 7) and Proposition 115 (Ballot Pamp., Primary Elec. (June 5, 1990) text of Prop. 115). On appeal, defendant argues the trial court erred in declining to reach the merits of his petition and determining that Senate Bill No. 1437 is unconstitutional.[2]

As we explain, we have reached this issue before and see no reason to revisit our earlier decisions. Accordingly, we agree with defendant and reverse the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1999 defendant was convicted of first degree murder and kidnapping. On direct appeal, we reversed the kidnapping conviction, but otherwise affirmed the judgment. (*People v. Thao* (March 20, 2000, C032213) [nonpub. opn.].)

In 2019 defendant filed a form petition for resentencing under section 1170.95. Defendant checked boxes indicating: (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) he was convicted of first or second degree murder under the felony murder rule or natural and probable consequences doctrine; and (3) he could not now be convicted of first or second degree murder because of the recent changes to sections 188 and 189.

The District Attorney opposed the petition, arguing Senate Bill No. 1437, and, consequently, section 1170.95, were unconstitutional. In particular, the District Attorney argued Senate Bill No. 1437 unconstitutionally amended Proposition 7 and Proposition 115 and violated the separation of powers doctrine and the Victims' Bill of Rights Act of 2008, also known as Marsy's Law (Ballot Pamp., Gen. Elec. (Nov. 4, 2008)

---

[2]  The Attorney General has filed an amicus curiae brief supporting defendant's position. The Yolo County District Attorney filed a brief in opposition.

text of Prop. 9).[3] Defendant, through appointed counsel, filed a response. The trial court heard argument and issued a written order denying the petition without reaching its merits based on its finding that Senate Bill No. 1437 was unconstitutional. Specifically, the court found "[Senate Bill No.] 1437 explicitly takes away from the punitive consequences of persons sentenced under the provisions of Proposition 7" and "prohibits what Proposition 115 authorizes to the extent that it narrows the class of persons subject to Penal Code section 189."

## DISCUSSION

We addressed the same issue earlier this year in *People v. Superior Court (Ferraro)* (2020) 51 Cal.App.5th 896 and again even more recently in *People v. Lombardo* (2020) 54 Cal.App.5th 553. We see no reason to revisit our position, which is also the position of the appellate courts in other districts that have addressed the issue and concluded Senate Bill No. 1437 is not an invalid amendment of either Proposition 7 or Proposition 115. (See, e.g., *People v. Bucio* (2020) 48 Cal.App.5th 300, 311-312; *People v. Cruz* (2020) 46 Cal.App.5th 740, 747; *People v. Solis* (2020) 46 Cal.App.5th 762, 769; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 251; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 275.)

Consistent with these decisions, and for the reasons expressed therein, we will reverse the trial court's order and remand the case for further proceedings.

---

[3] On appeal, the District Attorney briefs only arguments as to Propositions 7 and 115.

## DISPOSITION

The trial court's order denying defendant's Penal Code section 1170.95 petition is reversed. The matter is remanded for further proceedings on the merits of the petition.

/s/
_____
Duarte, J.

We concur:


/s/
_____
Hull, Acting P. J.


/s/
_____
Renner, J.